FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 27 2005

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

v.

Civ. No. 05-0868 MCA/RLP
Cr. No. 04-0879 MCA

EVER EDUARDO RIVAS-SERRANO,

Defendant/Movant.

MAGISTRATE JUDGE'S REPORT & RECOMMENDATION[1]

1. This is a Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255. Mr. Eduardo Rivas-Serrano ("Defendant"), a citizen of Mexico, is serving a 41-month sentence at the Federal Correctional Facility in Big Spring, Texas.

2. On August 16, 2000 Defendant was deported to Mexico following a conviction of aggravated battery with a deadly weapon. On March 9, 2004 Defendant was a passenger in a vehicle pulled over for a routine traffic stop in Taos County, New Mexico. Defendant subsequently pled guilty to Re-entry of Deported Alien Previously Convicted of an Aggravated Felony, 8 U.S.C. §§ 1326(a)(1)-(2) and (b)(2). *See* Plea Agreement [Cr. Doc. 18].

3. Defendant's § 2255 Motion seeks relief on the following grounds: (1) the traffic stop and arrest violated his Fourth and Fourteenth Amendment rights; (2) the district court did not have personal or subject matter jurisdiction over the Defendant because

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R)that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.

#34

Defendant (a) was not advised of his *Miranda* rights; and (b) he had no previous conviction for an aggravated felony; (3) his guilty plea was unknowing and involuntary; and (4) he received ineffective assistance of counsel, who (a) failed to file motions pursuant to *Booker* and *Blakely*; (b) coerced Defendant's guilty plea; and (c) was generally incompetent, resulting in Defendant's receiving a lengthier sentence than he should have received.

4. A voluntary and unconditional guilty plea waives all non-jurisdictional defenses. *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003). At the plea hearing, Defendant avowed in open court that he had read, understood, and discussed with his attorney the indictment and plea agreement. Transcript of Plea Hearing at 6-7. He stated no one had forced him to enter his guilty plea, no one had made any promises, and that he understood how the sentencing guidelines might apply to him. *Id.* at 7. Defendant admitted he had re-entered the country illegally, *id.* at 9, and pled guilty to the charges against him, *id.* at 11. The court found his plea to be voluntary and knowing. *Id.*

5. There is nothing in the record, nor has Defendant come forth with any facts, to indicate that his guilty plea was coerced or involuntary. Accordingly, these arguments fail. *See United States v. Murphy*, 162 F.3d 1175, **2 (10th Cir. 1998) (unpublished opinion (conclusory allegations insufficient to overcome "the presumption of verity accorded '[s]olemn declarations in open court.'") (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

6. Defendant argues that he was not advised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). The alleged failure to give a *Miranda* warning is non-jurisdictional and the guilty plea waived that argument. *Murphy*, 162 F.3d at **3. The court

notes that *Miranda* only applies where there is a custodial interrogation; Defendant has not alleged any facts indicating he was interrogated while in custody.

7. It appears that the crux of Defendant's § 2255 Motion giving rise to all of the grounds asserted is Defendant's belief that his sentence should not have been enhanced because his prior conviction resulted in a suspended sentence. After pleading guilty, Defendant was convicted of Aggravated Battery (Deadly Weapon) (Household Member) in *State v. Serrano-Rivas*, Cr. No. 2000-100 in Eighth Judicial District (County of Taos) State of New Mexico. *See* Exhibit 2 to Answer. Aggravated battery against a household member with a deadly weapon is a third degree felony. *See* NMSA (1978) § 30-3-13(C). The basic sentence for a third degree felony is three years. *See* § 31-18-15(8). The state court judge suspended the three-year sentence and ordered that Defendant be placed on three years' unsupervised should he be deported to Mexico.

8. According to the United States Sentencing Guidelines (USSG), an individual who unlawfully re-enters the United States will have his sentence increased by 16 levels if he had a prior conviction for a crime of violence. § 2L1.2(b)(1)(A)(ii).[2] An aggravated felony includes "a crime of violence . . . for which the term of imprisonment [is] at least one year . . . ." 8 U.S.C. § 1101(a)(43)(F).

9. Defendant herein appears to argue that because his sentence was suspended, the enhancements do not apply to him because he did not serve a sentence

[2] Under § 2L1.2(b)(1)(C) a prior conviction of an aggravated felony constitutes an 8 level increase. However, the commentary following these provisions provide that the 8-level increase only applies if the 16-level increase does not. Because aggravated battery with a deadly weapon on a household member clearly qualifies as "a crime of violence," under § 2L1.2(b)(1)(A)(ii), then § 2L1.2(b)(1)(C) would not be applicable.

of at least one year. The fact that the state court suspended the sentence is irrelevant. *See United States v. Plakio*, -- F.3d --, 2005 WL 3446563 (10th Cir. 2005); *United States v. Ortega-Garcia*, 12 Fed.Appx. 897 (10th Cir. 2002) (unpublished opinion); 8 U.S.C. § 1101(a)(48)(B) ("the period of incarceration or confinement ordered by a court of law *regardless of any suspension of the . . . sentence in whole or in part*") (emphasis added).

10. The foregoing paragraphs also apply to Defendant's ineffective assistance of counsel claim. A defendant who pleads guilty and alleges ineffective assistance of counsel must show both (1) that counsel's performance was defective; and that, but for this defective performance, (2) the defendant would have proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Defendant's arguments fail on both elements. As shown previously, the record indicates that Defendant willingly admitted unlawful re-entry to the United States, that he willingly and knowingly pled guilty, that he had a felony conviction prior to his unlawful re-entry; and that his knowing guilty plea waived all non-jurisdictional claims.

11. Further, Defendant alleges no facts, and the record contains no evidence, that counsel was constitutionally ineffective. As to his claims that counsel was ineffective for failing to argue *United States v. Blakely*, 542 U.S. 296, 124 S.Ct. 2531 (2004) or *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), those claims are unavailing. *Blakely* held that for the purposes of the Federal Sentencing Guidelines, the Sixth Amendment requires that "[*o*]*ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 542 U.S. at --, 124 S.Ct. at 2536 (internal

quotation marks and citation omitted; bracket by the Court). The *Booker* Court found that the federal sentencing guidelines are advisory, not mandatory. 543 U.S. at --, 125 S.Ct. at 756.

12. During the sentencing hearing the court found *Blakely* not applicable because the enhancements used to increase Defendant's sentence were based on his prior conviction, which was a matter of record. Sentencing Transcript at 7. Because Defendant admitted all of the facts necessary for his sentencing there was no Sixth Amendment violation. *United States v. Briceno-Rosado,* 122 Fed.Appx. 977, *978 (10th Cir. 2005) (unpublished opinion).

13. At the time of the hearing and entry of Judgment, September 13, 2004, *Booker* had not been decided. It was not decided until January 12, 2005. In *United States v. Bellamy*, 411 F.3d 1182 (10th Cir. 2005) the court held that "*Booker* does not apply retroactively to initial habeas petitions . . . ." *Id.* at 1186. Have reviewed Defendant's Motion to Vacate, Set Aside, or Correct Sentence and the grounds for relief asserted therein, the court finds that the motion should be denied.

RECOMMENDED DISPOSITION

I recommend that the Motion to Vacate, Set Aside, or Correct Sentence be denied and this case dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge